# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHLEEN ANN COLLIE,** | CIVIL ACTION NO. 1:16-CV-227 |
| Plaintiff | |
| v. | (Chief Judge Conner) |
| **WAL-MART STORES EAST, L.P.,** | |
| Defendant | |

# **ORDER**

AND NOW, this 24th day of May, 2017, upon consideration of the motion (Doc. 42) *in limine* by plaintiff Kathleen Ann Collie ("Collie"), seeking to exclude the supplemental expert report (Doc. 42-1) of Duane R. Ferguson ("Ferguson"), the expert witness offered by defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), on the basis that Wal-Mart submitted the report on March 3, 2017, (id. at 1), several months after the court's January 18, 2017 deadline for supplemental or rebuttal expert reports, (Doc. 20), and Collie contending that Wal-Mart's failure to comport with the court's deadlines causes prejudice *ipso facto*, (Doc. 43 at 6), but the court acknowledging that precluding an expert's testimony is an "extreme sanction," In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999) (quoting Dudley v. S. Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1977)), amended, 199 F.3d 158 (3d Cir 2000), and observing that, in determining whether to exclude Ferguson's testimony, the court must weigh (1) the potential prejudice Collie would suffer if the court permitted Ferguson to testify concerning the material in his supplemental report; (2) Wal-Mart's ability to cure said prejudice; (3) the extent to which allowing Ferguson to

testify would disrupt the efficiency of the pending trial; (4) any bad faith by Wal-Mart in failing to comply with the court's discovery order; and (5) the importance of the evidence, see ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 298 (3d Cir. 2012) (quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985)), and the court first noting that neither party has alleged potential efficiency issues, or bad faith, or explored the relative importance of the evidence, and the court concluding, upon review of the expert reports, that Ferguson's supplemental report does not provide new facts, data, or conclusions, but only rebuts the reports of Collie's expert, and therefore prejudice to Collie, if any, is limited, it is hereby ORDERED that Collie's motion (Doc. 42) *in limine* to exclude Ferguson's testimony is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania