# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHLEEN ANN COLLIE**, | CIVIL ACTION NO. 1:16-CV-227 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **WAL-MART STORES EAST, L.P.**, | |
| Defendant | |

## ORDER

AND NOW, this 24th day of May, 2017, upon consideration of the motion (Doc. 44) *in limine* by defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), seeking to limit the medical expenses that plaintiff Kathleen Ann Collie ("Collie") may claim at trial pursuant to Moorhead v. Crozer Chester Medical Center, 765 A.2d 786 (Pa. 2001) ("Moorhead II"), abrogated on other grounds by Northbrook Life Ins. Co. v. Commonwealth, 949 A.2d 333 (Pa. 2008), and requesting that the court limit the evidence Collie may present at trial with respect to her medical expenses, (Doc. 61 at 1-2), because Collie's health insurers have satisfied the majority of her medical expenses at a discount price, (Doc. 45 at 1-3), and further upon consideration of Collie's response, contending that Wal-Mart's instant motion is an untimely attempt to invoke a setoff, (Doc. 54 at 4-5), which, according to Collie, Wal-Mart must have pled in its answer as an affirmative defense, (id.); see also FED. R. CIV. P. 8(c)(1), but the court noting that the Pennsylvania Supreme Court in Moorhead II clearly limited the amount of medical expenses a plaintiff may seek at trial to those

expenses that the plaintiff *paid* instead of the amount that the plaintiff was *billed*,[1] see Moorhead II at 164-65, and that to hold otherwise would provide plaintiffs with a windfall in violation of the "fundamental tenets of just compensation," id. at 163, it is hereby ORDERED that:

1. Wal-Mart's motion (Doc. 44) *in limine* to limit evidence concerning Collie's medical expenses is GRANTED.

2. At trial, Collie may only submit evidence concerning medical expenses that she actually paid, not the total amount her health providers billed.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] In its holding, the Pennsylvania Supreme Court explicitly declined to adopt the setoff calculus that the Pennsylvania Superior Court utilized in its analysis. Moorhead II, 765 A.2d at 164-65 & n.4, aff'g on other grounds Moorhead v. Crozer Chester Med Ctr. v. Crozer, 705 A.2d 452, 454-56 (Pa. Super. 1997). Consequently, we need not consider whether a claim for setoff constitutes an affirmative defense which must be pled in a responsive pleading.