# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN ANN COLLIE,** | : | CIVIL ACTION NO. 1:16-CV-227 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **WAL-MART STORES EAST, L.P.,** | : | |
| | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 24th day of May, 2017, upon consideration of the motion (Doc. 48) *in limine* by defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), seeking to limit the testimony of plaintiff Kathleen Ann Collie's ("Collie") treating physicians at trial, asserting that Collie previously indicated that her treating physicians would be fact witnesses as opposed to expert witnesses, (Doc. 49 at 2-4), and that allowing Collie's physicians to provide expert testimony concerning "prognosis and causation" would violate the Federal Rules of Civil Procedure because Collie did not provide Wal-Mart with expert reports or disclose her physicians as expert witnesses who would testify concerning prognosis or causation, (id. at 2-3 (citations omitted)); see also FED. R. CIV. P. 26(a)(2), and further upon consideration of Collie's response, (Doc. 57), countering that she does not intend to present her treating physicians as expert witnesses, (id. at 3), but does intend to elicit testimony regarding causation of her injuries and her general prognosis, (id.), and the court observing that the Third Circuit permits treating physicians to testify as lay witnesses with respect to a patient's diagnosis and treatment, see Pease v.

Lycoming Engines, No. 10-843, 2012 WL 162551, at *12 (M.D. Pa. Jan. 19, 2012) (Conner, J.) (citations omitted), but that treating physicians' testimony anent prognosis and causation falls squarely within the scope of Federal Rule of Evidence 702, id. (citations omitted), and triggers notice and disclosure requirements under the Federal Rules of Civil Procedure, see FED. R. CIV. P. 26(a)(2)(A), and further observing that, although Collie's treating physicians are not "retained or specially employed" as experts by Collie and need not provide an expert report, FED. R. CIV. P. 26(a)(2)(B), Collie must nonetheless disclose such witnesses and a summary of their testimony to Wal-Mart, see FED. R. CIV. P. 26(a)(2)(C), and it appearing that Collie did not disclose her treating physicians as required, prompting Wal-Mart's instant motion to exclude their testimony, but the court noting that excluding this evidence would constitute an "extreme sanction," In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999) (quoting Dudley v. S. Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1977)), and that, to determine whether the court should impose this sanction, we must consider: (1) the potential prejudice Wal-Mart would suffer if the court permitted the physicians to testify concerning prognosis and causation; (2) Collie's ability to cure said prejudice; (3) the extent to which allowing the physicians to testify would disrupt the efficiency of the pending trial; (4) any bad faith by Collie in failing to disclose the content of her physicians' testimony; and (5) the importance of the evidence, see ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 298 (3d Cir. 2012) (quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985)), and the court first noting that neither party has alleged bad

faith or that the testimony may disrupt the efficiency of the proceedings, and that although Wal-Mart may suffer some slight prejudice given Collie's delayed disclosure, any such prejudice is nominal because Wal-Mart was on notice that Collie's physicians would testify, and also curable if Collie provides Wal-Mart with a summary of Collie's treating physicians' expected testimony and the facts and opinions contained therein in advance of trial, see FED. R. CIV. P. 26(a)(2)(C), it is hereby ORDERED that:

1. Wal-Mart's motion (Doc. 48) *in limine* to exclude or limit the testimony of Collie's treating physicians is DENIED without prejudice to refile same in the event Collie fails to comply with paragraph 2, *infra*.

2. Collie shall provide Wal-Mart with a written disclosure identifying the subject matter upon which Collie's physicians will testify and a summary of the facts and opinions to which they will testify pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) on or before **June 15, 2017**.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania