# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN ANN COLLIE,** | : | CIVIL ACTION NO. 1:16-CV-227 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WAL-MART STORES EAST, L.P.,** | : | |
| | : | |
| Defendant | : | |

## <u>ORDER</u>

AND NOW, this 24th day of May, 2017, upon consideration of the motion (Doc. 50) *in limine* by defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), seeking to exclude the testimony of Kathleen Ann Collie's ("Collie") expert witness, Len McCuen, PE ("McCuen"), under Federal Rules of Evidence 702 and 704, (Doc. 51 at 3-6), wherein Wal-Mart contends that McCuen's proffered evidence is not the product of reliable methodologies in violation of Rule 702, (id. at 4), and that McCuen attempts to tell the jury what result to reach in violation of Rule 704, (id. at 3-6), and further upon consideration of Collie's response, (Doc. 62), countering that McCuen's expert report (Doc. 50-1) satisfies the requirements of the Federal Rules of Evidence, (Doc. 55 at 3-10), and the court observing that, pursuant to Rule 702, a witness qualified as an expert may testify as to their opinion when: the expert's specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact of consequence; the expert's testimony is grounded in sufficient facts or data; and the expert's opinion derives from reliable principles and methods and results from a reliable application of said principles to the facts of the case, FED.

R. EVID. 702; see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588-89 (1993); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994), and that Rule 702 has thus been described by the Third Circuit as embodying "a trilogy of restrictions on expert testimony," to wit: qualification, reliability, and fit, Schneider *ex rel.* Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (citing In re Paoli, 35 F.3d at 741-43), and the court further observing that, pursuant to Rule 704(a), opinion testimony is not excludable merely "because it embraces an ultimate issue," FED. R. EVID. 704(a), but that the rule does not lower the bar so far as to admit *all* opinion testimony, id., advisory committee notes, and must also be read in conjunction with Rule 702, which requires opinion evidence to be helpful to the jury, see FED. R. EVID. 702, and Rule 403, which encourages exclusion of evidence that tends to waste time, see FED. R. EVID. 403, and that this combination of considerations intends to "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach," FED. R. EVID. 704, advisory committee notes, and the court, addressing each of Rule 702's requirements in turn, noting: *first*, with respect to McCuen's qualifications, that Wal-Mart does not dispute that McCuen is qualified to testify about buildings' architectural, engineering, and design features, and the court finding, upon review of McCuen's credentials and pursuant to the Third Circuit's mandate that courts "interpret the qualification requirement 'liberally,'" Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998), that McCuen is well-qualified to testify as an expert witness on the subjects of architectural, engineering, and design features; *second*, with respect to the reliability of McCuen's opinions, that Wal-Mart oppugns McCuen's reliability

2

because McCuen refers to the object over which Collie tripped as a "step" instead of a "curb," rendering his report "nothing more than inaccurate and unproven assumptions disguised as 'expert' opinions," (Doc. 51 at 4), and the court mindful that the standard for measuring reliability is "relatively low," Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 658 F. Supp. 2d 630, 635 (M.D. Pa. 2009) (quoting In re TMI Litig., 193 F.3d 613, 665 (3d Cir. 1999)), and that the basis for an expert opinion "does not have to be perfect," In re TMI Litig., 193 F.3d at 665 (quoting In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744 (3d Cir. 1994)), and following an independent review of McCuen's report and supplemental report, the court finding that McCuen relied upon several building codes and architectural standards in the course of drafting his expert opinion, including, *inter alia*, "The BOCA National Building and Property Maintenance Codes, the ICC Building and Property Maintenance Codes," and the "Uniform Construction Code," (Doc. 50-1 at 13 (emphasis removed)), and that the reports are grounded in sound methodology and application of that methodology to the facts of this case, and finding that although McCuren's expert report contains the word "step" instead of the word "curb" *passim*, the report establishes McCuen's measurements, his processes, and the bases for his conclusions in a manner seemingly applicable to both curbs and individual steps, and the court concluding that McCuen's report is reliable for purposes of Rule 702; and *third*, with respect to the fitness of McCuen's reports and testimony, that Wal-Mart does not dispute the fitness of McCuen's testimony, and the court observing that the question of fitness "goes primarily to relevance," Daubert, 509 U.S. at 591, and, that Rule 702 embraces a "liberal policy of admissibility," under which it is

3

preferable to admit any evidence that may assist the factfinder, Pineda v. Ford Motor Co., 520 F.3d 237, 243 (3d Cir. 2008) (quoting Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997)), and finding that McCuen's testimony will be helpful to the jury in understanding the design features of Wal-Mart's shopping cart facility and will not "merely tell the jury what result to reach," FED. R. EVID. 704, and further finding that Wal-Mart's concerns go primarily to weight but not admissibility of McCuen's testimony, and that Wal-Mart may properly explore those concerns during cross-examination at trial, it is hereby ORDERED that Wal-Mart's motion (Doc. 50) to exclude McCuen's testimony in its entirety is DENIED without prejudice to defense counsel's right to raise applicable and appropriate objections to the expert's specific testimony at the time of trial.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania